```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

IN RE:  VETTER G. MOORE,
        Petitioner.
                                    C.A. 05-11758-WGY


                    MEMORANDUM AND ORDER

YOUNG, C.J.

   On August 4, 2005, Petitioner Vetter Moore, an abusive litigant who has been enjoined by this Court on numerous occasions, filed what appears to be a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, accompanied by an Application to Proceed *in forma pauperis*.  These pleadings are not entirely coherent, but appear to reiterate his challenges to his federal criminal conviction (alleging falsified and racist state police report).

   On July 18, 2005, this Court issued an Order noting that since February 1, 2005, Moore has continued to file pleadings, in utter disregard of this Court's Orders with respect to preconditions on filing in this Court.  That Order also noted that in light of Moore's past abuses, this Court has directed that non-complying documents shall not be docketed, but shall be reviewed twice yearly to determine whether Moore has set forth any non-frivolous cognizable claims.  Because, however, this most recent filing is a further attempt to file a habeas petition on a § 2241 habeas form, the Court will address this pleading at this time.

To the extent that Moore seeks to proceed *in forma pauperis*, the motion is denied.  He has failed to provide a certified prison account statement indicating his prison balance.  Moore has previously been advised that he must do so in conjunction with an application to waive the filing fee.

Notwithstanding the filing fee issue, to the extent Moore seeks habeas relief pursuant to § 2241, this Court lacks jurisdiction over such petition. A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243.  The Court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody. Rumsfeld v. Padilla, 124 S. Ct. 2711, 2722  (2004) (in considering a § 2241 petition, the Supreme Court stated that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.") ; Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001).   Petitioner is in federal custody in Lewisburg, PA.

Accordingly, this Court lacks jurisdiction over the petition.

ORDER

For the reasons set forth above, this August 4, 2005 habeas

petition is dismissed.[1]  Moore's application to proceed *in forma pauperis* is denied.

It is FURTHER ORDERED that the Clerk shall assign this pleading as a separate civil action in order to preserve an electronic record of this Memorandum and Order.  The action shall then be terminated in view of this Order.

Moore is once again advised that he is subject to this Court's Orders restricting and enjoining his filings.  This Court will not tolerate violations of this Court's Orders, and further sanctions or restrictions may be imposed for repeated violations.

                                              /s/ William G. Young
                                              WILLIAM G. YOUNG
Dated:  August 16, 2005       CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Moore has a pending § 2255 action in this District, before Judge Zobel.  See C.A. 05-11216-RWZ